UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6785 CAS (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | RICHARD FIMBRES V. PACIFIC MARITIME ASSOCIATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Richard Fimbres, Pro Se | Jason Steele | |

**Proceedings:** DEFENDANTS' MOTION TO DIMISS CASE (FIRST AMENDED COMPLAINT) (Docket #27, filed September 28, 2012)

## I. INTRODUCTION

Plaintiff Richard Fimbres, proceeding pro se, filed this lawsuit in this Court on August 17, 2011. On July 18, 2012, plaintiff filed a first amended complaint ("FAC"). The FAC names dozens of defendants and asserts thirty-five claims for relief including claims for breach of contract, fraud, unlawful discrimination, and other state law torts.

On September 28, 2012, defendants Pacific Maritime Association ("PMA"), Morgan, Lewis & Bockius ("Morgan Lewis"), Clifford D. Sethness, and Jason M. Steele moved to dismiss the FAC. On November 26, 2012, plaintiff filed an opposition, and defendants' replied on December 3, 2012. Defendants' motion is before the Court.

## II. BACKGROUND

This case arises out of the termination of plaintiff's employment with defendant PMA, and a previous lawsuit filed by plaintiff in the Los Angeles County Superior Court challenging this adverse employment decision. FAC at 1. Plaintiff alleges that he was first employed by PMA as a non-union employee in April 2001, and became a union employee in November 2004. FAC at 9 – 10. Additionally, plaintiff alleges that he was diagnosed with anxiety disorder in January 2001, and has been hospitalized from time to time due to this condition. FAC at 9 – 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6785 CAS (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | RICHARD FIMBRES V. PACIFIC MARITIME ASSOCIATION, ET AL. | | |

     Plaintiff was terminated from employment with PMA on August 16, 2007. FAC at 19. The reason given for his termination was that he violated the union's "70% rule," which states that workers in plaintiff's classification must work in each pay period at least 70% of the average hours of all workers in plaintiff's classification. FAC at 19. According to plaintiff, however, his termination was the result of unlawful disability discrimination. FAC at 85.

     In January 2008, plaintiff filed a lawsuit in the Superior Court for the County of Los Angeles against PMA and other defendants alleging that plaintiff was fired due to his disability and that plaintiff did not receive reasonable accommodations. FAC at 1; Mot. Ex. 1. On January 28, 2009, summary judgment was entered against plaintiff on every cause of action alleged in his complaint. Mot. Ex. 4, Order Granting Summary Judgment, at 7. Plaintiff appealed, and the summary judgment order was affirmed. Mot. Ex. 8.

     Plaintiff alleges that fraud, perjury, and other misconduct occurred in connection with his earlier state lawsuit. Specifically, plaintiff alleges that PMA employees committed perjury in deposition testimony. FAC at 58 – 59. Additionally, plaintiff contends that the defense in the state lawsuit quoted facts out of context in their separate statement of facts supporting their motion for summary judgment, cited to facts in their motion for summary judgment not present in their separate statement, and filed an "unethical" motion for summary judgment. FAC 54 – 55.

### III. LEGAL STANDARD

     A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

     In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6785 CAS (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | RICHARD FIMBRES V. PACIFIC MARITIME ASSOCIATION, ET AL. | | |

read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6785 CAS (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | RICHARD FIMBRES V. PACIFIC MARITIME ASSOCIATION, ET AL. | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV.   ANALYSIS

####   A.   Whether Plaintiff's Claims are Precluded

Defendants argue that plaintiffs' contract claims and discrimination claims are barred by the doctrine of res judicata. When determining the preclusive effect of litigation in a state court, federal courts look to state law. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993).[1]

California law provides that "a valid, final judgment on the merits is a bar to a subsequent action by parties or their privies on the same cause of action." Amin v. Khazindar, 112 Cal. App. 4th 582, 589 (Cal. App. 2d 2003). California applies the "primary rights" doctrine to determine when two claims arise from the same "cause of action." Slater v. Blackwood, 15 Cal. 3d 791, 795 (Cal. 1975). Under the primary rights doctrine, "[t]he cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced . . . [t]he 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant." Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 798 (Cal. 2010). If a claim is within the scope of a previously litigated cause of action, a plaintiff is barred from raising the claim in a subsequent action. Amin, 112 Cal. App. 4th at 589 – 590.

Defendants cite several cases which have held that actions for intentional discrimination and breach of contract arising from an adverse employment decision implicate the same primary right because they both arise from the same harm: the adverse employment decision. Balasubramanian v. San Diego Community College Dist., 80 Cal. App. 4th 977, 992 (Cal. App. 4th 2000) (breach of contract claim for failure to promote

---

[1] Defendants also argue that plaintiff's breach of contract claim is barred by the applicable statute of limitations. Because the Court accepts defendants' preclusion arguments, it does not reach this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6785 CAS (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | RICHARD FIMBRES V. PACIFIC MARITIME ASSOCIATION, ET AL. | | |

barred by prior suit alleging that failure to promote was the result of unlawful discrimination); Takahashi v. Board of Directors, 783 F. 2d 848; 851 (9th Cir. 1986) (intentional discrimination action and breach of contract action both involved the same primary right of employment). Similarly, California courts have held that "a cause of action for alleged discrimination is based on a single primary right, whether the cause of action relies on federal or state antidiscrimination law." Johnson v. American Airlines, Inc., 157 Cal. App. 3d 427, 432 (Cal. App. 1st 1984)   Therefore, because plaintiff's claim for intentional discrimination arising out of his termination has already been litigated against PMA, plaintiff's contract claims and discrimination claims against PMA in this action are barred by res judicata.[2]

> **B.    Plaintiff's Claim for Hostile Work Environment**

Defendants argue that plaintiff's hostile work environment claim fails because no allegations in the FAC allege conduct that was so severe and pervasive that it altered the terms and conditions of employment. Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998). Although plaintiff recites conclusory allegations mentioning "harassing conduct [that] was [so] severe and pervasive that a reasonable person in Fimbres' circumstances would have considered the work environment hostile," there are no allegations describing what these conditions are, and such conclusory allegations are insufficient to state a claim upon which relief can be granted. Ashcroft, 556 U.S. at 681. In fact, it appears that plaintiff alleged only pointed to a single incident in which harassment may have occurred. Specifically, plaintiff alleges when explaining his disability to a PMA manager in a conference room, he heard others present in the room "making sub-conversation" which included the phrase "yeah right," and also claims that when he left the room he heard laughter coming from inside. FAC 10 – 11. This isolated incident is not actionable harassment. McGinest v. GTE Service Corp., 360 F.3d 1103, 1113 (9th Cir. 2004) ("Simply causing an employee offense based on an isolated

---

[2] Plaintiff argues that the state court judgment should not have preclusive effect because it was obtained through fraud. None of plaintiff's allegations support this argument. While plaintiff does allege that perjury took place in connection with the state court judgment, this does not deprive the judgment of preclusive effect. Buesa v. City of Los Angeles, 177 Cal. App. 4th 1537, 1545 – 1546 (Cal. App. 2d 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6785 CAS (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | RICHARD FIMBRES V. PACIFIC MARITIME ASSOCIATION, ET AL. | | |

comment is not sufficient to create actionable harassment . . ."). Accordingly, the Court finds that plaintiff's claims for hostile work environment should be dismissed.

### C. Plaintiff's Title 42 Civil Rights Claims

While defendants argue that plaintiff's civil rights claims are res judicata, defendants argue that they would fail even if they were not so barred. Specifically, defendants argue that plaintiff's claims under 42 U.S.C. § 1983 fail because defendants are not state actors, and also argue that the claims under 42 U.S.C. §§ 1985, 1986 fail because no claim under § 1983 has been properly pled. Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) ("The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations."); Smith v. Gomez, 550 F.3d 613, 617 (7th Cir. 2008) (no relief under § 1986 is possible without a valid claim under § 1985). Because none of the moving defendants are state actors, the Court agrees and finds that the claims should be dismissed.

### D. Plaintiff's Claim under the California Family Rights Act

Plaintiff claims that he was denied medical leave by PMA in violation of California's Family Rights Act ("CFRA"). Cal. Gov. Code § 12945.2. Defendants argue that this claim is barred by the applicable statute of limitations, and also must be dismissed for failure to exhaust administrative remedies. Cal. Gov. Code § 12965(b) (one year statute of limitations for claims brought under Cal. Gov. Code § 12900 et seq.); Mora v. Chem-Tronics, Inc., 16 F. Supp. 2d 1192, 1201 (S.D. Cal. 1998).

With respect to exhaustion of remedies, defendants admit that plaintiff obtained a right to sue for some discrimination claims, but note that the right to sue request did not mention a denial of medical leave. Defendants conclude that failure to mention the specific claim under the CFRA entails that plaintiff has not exhausted administrative remedies for this claim. Okoli v. Lockheed Technical Operations Co., 36 Cal. App. 4th 1607, 1613 (Cal. App. 6th 1995) ("to exhaust his or her administrative remedies as to a particular act made unlawful by the Fair Employment and Housing Act, the claimant must specify that act in the administrative complaint, even if the complaint does specify other cognizable wrongful acts."). The Court agrees, and finds that this claim should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6785 CAS (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | RICHARD FIMBRES V. PACIFIC MARITIME ASSOCIATION, ET AL. | | |

dismissed. Mot. Ex. 2.B (administrative complaint and right to sue letter attached to plaintiff's first amended complaint in state court lawsuit).

With respect to the statute of limitations, defendants argue that plaintiff had to file a lawsuit within one year of receiving a right to sue letter. Cal. Gov. Code § 12965(b). Plaintiff received a right to sue letter in November 2007, far longer than a year prior to filing this lawsuit. Defendants note that even if the statute of limitations were tolled during plaintiff's first lawsuit, plaintiff would still be barred because that lawsuit ended when the California Supreme Court denied review on May 20, 2010, which is more than one year prior to when plaintiff filed this lawsuit. See Minutes of California Supreme Court May 20, 2010 (available at www.courts.ca.gov/documents/minutes/SMAY2010 .PDF). The Court agrees, and finds that this claim is untimely.

### E. Plaintiff's False Promise Claim

Defendants argue that plaintiff's claim for false promise fails because it is barred by the statute of limitations and not pled with the specificity required by Federal Rule of Civil Procedure 9(b). According to defendants, California's three year statute of limitation bars any claim for false promise because the only false promise alleged took place in July 2005. Cal. Code. Civ. Proc. § 338(d). Defendants also argue that plaintiff has not pled knowledge of falsity, intent to induce reliance, justifiable reliance, or damages due to reliance on the false promise.

It is unclear what facts underlie plaintiff's claim for false promise, but because the events alleged in the complaint all took place prior to or during 2007, the Court finds that this claim is barred by the applicable three year statute of limitations. Although plaintiff argues that equitable tolling should apply, nothing alleged in the pleading suggests that the applicable statute of limitations should be tolled.

### F. Plaintiff's Claims Challenging Statements Made During His State Lawsuit

The FAC asserts several tort claims arising out of defendants' statements in plaintiff's state lawsuit. Defendants argue that these claims are barred by California's litigation privilege, which "provides absolute immunity for almost any statement made in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6785 CAS (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | RICHARD FIMBRES V. PACIFIC MARITIME ASSOCIATION, ET AL. | | |

any . . . official proceeding authorized by law, as against any tort except for malicious prosecution." Mirmehdi v. United States, 689 F.3d 975, 985 (9th Cir. 2012); Cal. Civ. Code § 47(b). "California courts have given the privilege an expansive reach . . . and held that the privilege is absolute, even if the result is inequitable . . . . any doubt as to whether the privilege applies is resolved in favor of applying it." Morales v. Cooperative of American Physicians, Inc., Mut. Protection Trust, 180 F.3d 1060, 1062 (9th Cir. 1999). "All that is required is that the communication be (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) have some connection or logical relation to the action." Mirmehdi, 689 F.3d at 985.

Here, plaintiff's claims arising out of his state court lawsuit all arise from the "pleadings and process" defendants filed in the litigation, and hence are privileged communications under California Civil Code § 47(b). Rusheen v. Cohen, 37 Cal. 4th 1048, 1058 (Cal. 2006). Accordingly, the Court finds that plaintiff's claims arising out of defendants' conduct in plaintiff's state lawsuit (claims 28 – 33) are barred by California's litigation privilege.

G. **Plaintiff's Claim for Violation of the California Labor Code**

Plaintiff asserts a claim for violation of California Labor Code § 1050, which provides:

> Any person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor.

Cal. Lab. Code § 1050. Private litigants may bring a civil action for violation of § 1050. Cal. Lab. Code § 1054. Here, plaintiff alleges that defendants made misrepresentations regarding the circumstances of plaintiff's termination to two prospective employers. FAC at 94.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6785 CAS (PJWx) | Date | December 10, 2012 |
|---|---|---|---|
| Title | RICHARD FIMBRES V. PACIFIC MARITIME ASSOCIATION, ET AL. | | |

Defendants argue that plaintiff's § 1050 claim sounds in fraud because it is based on an alleged misrepresentation, and that it is not pled with the specificity required by Federal Rule of Civil Procedure 9(b). The Court agrees because the complaint does not specify who made the alleged misrepresentations that prevented plaintiff from seeking employment, who they were made to, when they occured, or what was said. Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).

**V. CONCLUSION**

Defendants' motion to dismiss is hereby GRANTED. Defendants contract claims and claims for intentional discrimination (claims 1 – 11, 13, 16 – 18, 23) are DISMISSED WITH PREJUDICE. All other claims are dismissed without prejudice. Plaintiff may file an amended pleading to cure the defects mentioned above by **January 4, 2013**. Failure to file an amended pleading by that date may be result in dismissal of this case with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |